UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

**CLARENS DESROULEAUX,**

    **Plaintiff,**

vs.

**THE VILLAGE OF BISCAYNE PARK,**
**a municipality of the State of Florida,**
**CHIEF RAIMUNDO ATESIANO,**
**OFFICER CHARLIE DAYOUB, and**
**OFFICER GUILLERMO RAVELO,**
**individually and in their official capacity.**

    **Defendants.**
_____/

**Case Number:**

**JURY TRIAL DEMANDED**

## COMPLAINT

**THE PLAINTIFF, CLARENS DESROULEAUX ("DESROULEAUX")**, by and through undersigned counsel, hereby sues Defendants, **THE VILLAGE OF BISCAYNE PARK ("BISCAYNE PARK")**, a municipality of the State of Florida, **CHIEF RAIMUNDO ATESIANO**, ("**ATESIANO**,"), **OFFICER CHARLIE DAYOUB** ("**DAYOUB**"), and **OFFICER GUILLERMO RAVELO**, ("**RAVELO**") and alleges:

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation, under color of law, of **DESROULEAUX**' rights as secured by the Constitution of the United States of America.

2. This Court has jurisdiction over this case pursuant to 28 U.S.C. §1331.

3. Venue is proper in this honorable Court under 28 U.S.C. § 1391(b) as the events giving rise to the claims asserted herein occurred in Miami-Dade County, Florida.

## THE PARTIES

4. **CLARENS DESROULEAUX** is a 41 years-old former resident of Miami-Dade County, Florida.  At the time **DESROULEAUX** was initially deprived of his Constitutional rights under color of law by the Defendants in this case by virtue of Defendants' conspiracy to falsely arrest, maliciously prosecute, and falsely imprison him through racial profiling and under false pretenses, **DESROULEAUX** was 35 years old.  As a direct result of Defendants' conspiracy to deprive **DESROULEAUX** of his civil rights, **DESROULEAUX** spent five (5) years in prison for crimes he did not commit.

5. Defendant, **THE VILLAGE OF BISCAYNE PARK,** is a municipality of the State of Florida located in Miami-Dade County, Florida that provided, among other services, a Police Department to protect its residents and visitors.  Defendant, **BISCAYNE PARK,** employs or employed the Defendant police officers at all times material hereto.

6. At all times material hereto, Defendant, **ATESIANO,** was an employee of the Defendant, **BISCAYNE PARK,** and was the Chief of Police in Defendant, **BISCAYNE PARK's,** Police Department.  In this capacity, Defendant, **ATESIANO,** was the commander of the Co-Defendants, **DAYOUB** and **RAVELO**.

7. At all times material hereto, Defendant, **DAYOUB,** was a police officer and an employee of Co-Defendant, **BISCAYNE PARK,** or Defendant, **BISCAYNE PARK's**, Police Department.

8. At all times material hereto, Defendant, **RAVELO,** was a police officer and an employee of Co-Defendant, **BISCAYNE PARK,** or Defendant, **BISCAYNE PARK's,** Police Department.

9. **DESROULEAUX** is suing all of the foregoing Defendants in their individual capacities, and all acted under color of law and in the scope of their employment in engaging in the actions alleged in this Complaint.

## INTRODUCTION

10. In January of 2013 and continuing thereafter, several members of Defendant, **BISCAYNE PARK's**, Police Department, led by Defendant, **ATESIANO,** and

carried out by individual **BISCAYNE PARK** police officers, engaged in a conspiracy to bolster their law enforcement careers by inflating statistics of their success in solving burglaries that were perpetrated in the Village of Biscayne Park, Florida.

11. To this end, Defendant, **ATESIANO,** ordered Defendant, **BISCAYNE PARK,** police officers, including, but not limited to, Defendant, **DAYOUB,** and Defendant, **RAVELO**, to arrest anyone who is black and has a criminal record in order to "solve" unsolved burglaries that occurred in the Village of Biscayne Park.

12. In furtherance of this conspiracy, in early 2013 Defendants **DAYOUB** and **RAVELO** without probable cause arrested **DESROULEAUX** for three unsolved burglaries that occurred in the Village of Biscayne Park.

13. Defendants, **DAYOUB** and **RAVELO,** arrested **DESROULEAUX** for the burglaries despite there being no evidence that **DESROULEAUX** had perpetrated the burglaries for which Defendants, **DAYOUB** and **RAVELO,** had arrested him.

14. Defendants, **DAYOUB** and **DESROULEAUX**, in furtherance of the conspiracy, filed fraudulent arrest affidavits through which they testified that there was probable cause to believe that **DESROULEAUX** had committed the burglaries for which they arrested him.

15. **DESROULEAUX**, who is black, and had a criminal record prior to the 2013 arrest effectuated by Defendants, **DAYOUB** and **RAVELO,** that is the subject of the instant lawsuit, fit the racial profile Defendant, **ATESIANO,** told Co-Defendants, **DAYOUB** and **RAVELO,** among others, to arrest and onto whom to pin the unsolved burglaries that occurred in the Village of Biscayne Park.

16. After the bogus arrest, Defendants, **DAYOUB** and **RAVELO,** coerced **DESROULEAUX** into confessing to the three burglaries in order to receive a shorter prison sentence.

17. Defendants, **DAYOUB** and **RAVELO,** did not videotape, or otherwise record or memorialize, **DESROULEAUX**' confession to the three burglaries for which they arrested him.

18. Despite not having video or audio evidence of **DESROULEAUX**' confession, Defendants, **DAYOUB** and **RAVELO,** continued to maintain that **DESROULEAUX** had confessed to the burglaries for which they arrested **DESROULEAUX**.

19. In fact, Defendants, **DAYOUB** and **RAVELO,** testified in depositions that **DESROULEAUX** had confessed to these crimes.

20. As a result of the alleged confession, **DESROULEAUX** faced up to thirty (30) years in prison.

21. Facing the stark reality of thirty (30) years in prison for crimes he did not commit, **DESROULEAUX** pled guilty to crimes he did not commit and, as a result of his guilty plea, **DESROULEAUX** was sentenced to a five (5) year prison term.

22. **DESROULEAUX** served his prison term and was released from prison in 2017 into the custody of the U.S. Immigration and Customs Enforcement agents who deported **DESROULEAUX** to Haiti.

23. **DESROULEAUX,** who is a citizen of Haiti and was a Permanent Resident of the United States of America at the time of the bogus arrest and conviction, is still in Haiti and is not able to return to the United States of America as a result of his bogus arrest and conviction perpetrated by the Defendants in this case.

24. As a result of Defendant, **BISCAYNE PARK**'**s**, officers' conspiracy to deprive him and other black people of their Constitutional rights and actions in furtherance thereof, **DESROULEAUX** spent five (5) years in prison and lost five (5) years of his life wrongfully incarcerated for crimes he did not commit.

25. While in prison for crimes he didn't commit, **DESROULEAUX** suffered mental anguish, humiliation, pain and suffering and loss of enjoyment of life and was unable to earn a living.

26. Since being deported to Haiti, **DESROULEAUX** has not been able to earn the same wages in Haiti that he could earn in the United States of America.

27. Despite obtaining a confession and a guilty plea from **DESROULEAUX** under false pretenses, Defendant, **ATESIANO,** pointed to his department's 100% burglary clearance rate in 2013 and 2014 to leaders of Defendant, **BISCAYNE PARK,** to demonstrate what a great job he was doing in order to further his career.

28. The conspiracy to bolster their crime fighting record by framing black men with a criminal record for unsolved burglaries in the Village of Biscayne Park began to unravel shortly thereafter when police officers began writing letters to Defendant, **BISCAYNE PARK's**, manager apprising him of the conspiracy.

29. In 2015, **DESROULEAUX** learned of the investigation into the conspiracy to pin unsolved burglaries on black people who had a criminal past and he filed a "motion to correct illegal sentence."

30. On or about August 13, 2015, the Circuit Court for Miami-Dade County, Florida denied **DESROULEAUX**' "motion to correct illegal sentence" and he served the rest of his prison term that arose from a coerced confession and a plea deal.

31. On or about August 10, 2018, Miami-Dade State Attorney's office filed a motion to vacate the judgments and sentences of **DESROULEAUX** in which a Miami-Dade Assistant State Attorney wrote "It is this office's position that the charges brought against Clarens Desrouleaux ...cannot be substantiated and require that the judgment and sentence be vacated."

32. The Circuit Court granted the motion to vacate the judgments and sentences on August 10, 2018, one year after **DESROULEAUX** finished serving a five (5) year sentence for crimes he didn't commit.

33. On June 7, 2018, the United States Attorney for the Southern District of Florida filed an indictment against Defendants, **ATESIANO** and **DAYOUB,** in which he laid out the charges of the conspiracy described herein as it pertained to another individual, known in the Indictment as "T.D." who was framed by the Defendants, **ATESIANO** and **DAYOUB**. A copy of the indictment is attached hereto as Exhibit 1.

34. Count 1, of the June 7, 2018 indictment alleged "Conspiracy Against Rights" in which the United States of America laid out the case against Defendant, **ATESIANO,** Defendant, **DAYOUB,** and another co-conspirator, **RAUL FERNANDEZ** that they conspired to deprive citizens of their Constitutional rights under the color of law.

35. On or around July 27, 2018, the Unites States Attorney for the Southern District of Florida filed a broader indictment against Defendants, **ATESIANO** and **DAYOUB,** in which they laid out more charges of the alleged conspiracy described herein as it

pertained to another individual, known in the Indictment as "T.D." who was framed by the Defendants, **ATESIANO** and **DAYOUB**.

36. On or about August 3, 2018, Defendant, DAYOUB, pled guilty to conspiracy charges contained in the indictment. A copy of Defendant, DAYOUB,'s guilty plea is attached hereto as Exhibit 2.

## Defendants' Misconduct

37. Rather than performing the police work necessary to properly solve the burglaries in the Village of Biscayne Park, the Defendants instead conspired among themselves and with others to shortcut the process. Specifically, Defendants unjustly and without probable cause arrested **DESROULEAUX** and affirmatively framed him for a crime that they had no evidence he committed.

38. The Defendants illegally coerced a confession from **DESROULEAUX** that they did not record, or otherwise memorialize and then testified that **DESROULEAUX** confessed in deposition testimony. The confession Defendants, **DAYOUB and RAVELO,** coerced from **DESROULEAUX** and other evidence they fabricated led to the arrest and incarceration which violated **DESROULEAUX**' constitutional rights.

39. To the extent that **DESROULEAUX** confessed to the burglaries, the confession was obtained through coercion and unconstitutional tactics, including the threat of the potential imposition of a much longer prison term.

40. Defendant, **BISCAYNE PARK,** had an ongoing obligation to hire competent, diligent and law abiding officers to staff its police department as well as to properly train its officers and supervise them so that they enforce the law and maintain the peace without illegally infringing on the rights of the residents of **BISCAYNE PARK** or people visiting lawfully.

## Count I
## 42 U.S.C. § 1983-Due Process-Atesiano

41. Paragraphs 1-40 of this Complaint are incorporated as if restated fully herein.

42. As described more fully above, Defendant, **ATESIANO**, while acting individually, jointly, and in furtherance of this conspiracy, under color of law and within the scope

43.     of his employment with Defendant, **BISCAYNE PARK**, deprived **DESROULEAUX** of his Fifth and Fourteenth Amendment rights of due process, and his constitutional right to a fair trial.

43. In the manner described more fully above, the Defendant, **ATESIANO**, deliberately ordered the police officers of Defendant, **BISCAYNE PARK**, to fabricate false arrest reports, affidavits and other evidence of guilt against **DESROULEAUX**, thereby misleading and misdirecting the criminal prosecution of **DESROULEAUX**. Absent this egregious misconduct, the prosecution of **DESROULEAUX** could not and would not have been pursued.

44. Defendant, **ATESIANO's**, misconduct also directly resulted in the unjust criminal conviction through his coerced guilty pleas of **DESROULEAUX**, thereby denying him his constitutional right to a fair trial, and a fair appeal thereof, in violation of the Due Process Clause of the Fifth and Fourteenth Amendment to the United States Constitution.

45. As a result of this violation of his constitutional right to a fair trial, **DESROULEAUX** suffered injuries, including, but not limited to, great mental anguish, emotional distress and humiliation, as is more fully alleged above.

46. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to **DESROULEAUX'** constitutional rights.

47. Defendant, **BISCAYNE PARK**, either knew about this misconduct on the part of Defendant, **ATESIANO**, or should have known about it.

**WHEREFORE**, Plaintiff, **CLARENS DESROULEAUX**, respectfully request that this honorable Court enter judgment in his favor and against Defendant, **CHIEF RAIMUNDO ATESIANO,** awarding compensatory damages, costs, and attorneys' fees, along with punitive damages as well as any other relief this Court deems appropriate.

### Count II
### 42 U.S.C. § 1983-False Arrest-Atesiano

48. Paragraphs 1-40 of this Complaint are incorporated as if restated fully herein.

49. As described more fully above, Defendant, **ATESIANO**, while acting individually, jointly, and in furtherance of this conspiracy, under color of law and within the scope of their employment, caused **DESROULEAUX,** without probable cause**,** to be falsely arrested in violation of his Fourth Amendment right against unreasonable and seizure.

50. As a result of this violation, **DESROULEAUX** suffered injuries, including but not limited to great mental anguish, emotional distress and humiliation, as is more fully alleged above.

51. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to **DESROULEAUX'** constitutional rights.

52. The misconduct described in this Count was undertaken pursuant to the policy of Defendant, **BISCAYNE PARK,** in the manner described more fully above.

**WHEREFORE**, Plaintiff, **CLARENS DESROULEAUX**, respectfully request that this honorable Court enter judgment in his favor and against Defendant, CHIEF RAIMUNDO ATESIANO, awarding compensatory damages, costs, and attorneys' fees, along with punitive damages as well as any other relief this Court deems appropriate.

## Count III
### 42 U.S.C. § 1983-False Imprisonment-Atesiano

53. Paragraphs 1-40 of this Complaint are incorporated as if restated fully herein.

54. As described more fully above, Defendant, **ATESIANO**, while acting individually, jointly, and in furtherance of this conspiracy, under color of law and within the scope of their employment, caused **DESROULEAUX** to be falsely imprisoned in violation of his Fourth Amendment right against unreasonable and seizure.

55. As a result of this violation, **DESROULEAUX** suffered injuries, including but not limited to great mental anguish, emotional distress and humiliation, as is more fully alleged above.

56. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to **DESROULEAUX'** constitutional rights.

57. The misconduct described in this Count was undertaken pursuant to the policy of Defendant, **BISCAYNE PARK**, in the manner described more fully above.

**WHEREFORE**, Plaintiff, **CLARENS DESROULEAUX**, respectfully request that this honorable Court enter judgment in his favor and against Defendant, CHIEF RAIMUNDO ATESIANO, awarding compensatory damages, costs, and attorneys' fees, along with punitive damages as well as any other relief this Court deems appropriate.

### Count IV
### 42 U.S.C. § 1983-Equal Protection-Atesiano

58. Paragraphs 1-40 of this Complaint are incorporated as if restated fully herein.
59. As described more fully above, Defendant, **ATESIANO**, all while acting individually, jointly, and in furtherance of this conspiracy, under color of law and within the scope of their employment, denied **DESROULEAUX** equal protection of the law in violation of his constitutional rights based upon his race.
60. Specifically, this Defendant actively participated in, or personally caused, misconduct in terms of accusing black people, who did nothing more than enter the locale of Defendant, **BISCAYNE PARK**, with no evidence that they committed a crime to act in such a manner that was calculated to coerce confessions and secure unjust convictions. Said misconduct was motivated by racial animus and constituted purposeful discrimination; it also affected black men in a grossly disproportionate manner vis-a-vis similarly-situated caucasian men. The conspiracy to violate people's civil rights based upon race under color of law is exactly what Defendants did to **DESROULEAUX.**
61. As a result of this violation, **DESROULEAUX** suffered injuries, including but not limited to great mental anguish and emotional distress, as is more fully alleged above.
62. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to **DESROULEAUX'** constitutional rights.

63. The misconduct described in this Count was undertaken pursuant to the policy and practice of Defendant, **BISCAYNE PARK,** in the manner described more fully above.

**WHEREFORE**, Plaintiff, **CLARENS DESROULEAUX**, respectfully request that this honorable Court enter judgment in his favor and against Defendant, CHIEF RAIMUNDO ATESIANO, awarding compensatory damages, costs, and attorneys' fees, along with punitive damages as well as any other relief this Court deems appropriate.

### Count V
### 42 U.S.C. § 1983-Due Process-Dayoub

64. Paragraphs 1-40 of this Complaint are incorporated as if restated fully herein.
65. As described more fully above, Defendant, DAYOUB, while acting individually, jointly, and in furtherance of this conspiracy, under color of law and within the scope of his employment with Defendant, BISCAYNE PARK, deprived DESROULEAUX of his Fifth and Fourteenth Amendment rights of due process, and his constitutional right to a fair trial.
66. In the manner described more fully above, Defendant, **DAYOUB**, deliberately fabricated false arrest reports and affidavits, thereby misleading and misdirecting the criminal prosecution of **DESROULEAUX**.  Absent this misconduct, the prosecution of **DESROULEAUX** could not and would not have been pursued.
67. Defendant, **DAYOUB's**, misconduct also directly resulted in the unjust criminal conviction through the coerced guilty pleas of **DESROULEAUX**, thereby denying him his constitutional right to a fair trial, and a fair appeal thereof, in violation of the Due Process Clause of the Fifth and Fourteenth Amendment to the United States Constitution.
68. As a result of this violation of his constitutional right to a fair trial, **DESROULEAUX** suffered injuries, including, but not limited to, great mental anguish, emotional distress and humiliation, as is more fully alleged above.

69. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to **DESROULEAUX'** constitutional rights.

70. The misconduct described in this Count was undertaken pursuant to the directive of Defendant, **ATESIANO,** and Defendant, BISCAYNE PARK, either knew about it, or should have known about it.

**WHEREFORE**, Plaintiff, **CLARENS DESROULEAUX**, respectfully request that this honorable Court enter judgment in his favor and against Defendant **OFFICER CHARLIE DAYOUB** awarding compensatory damages, costs, and attorneys' fees, along with punitive damages as well as any other relief this Court deems appropriate.

### Count VI
### 42 U.S.C. § 1983-False Arrest-Dayoub

71. Paragraphs 1-40 of this Complaint are incorporated as if restated fully herein.

72. As described more fully above, Defendant, **DAYOUB**, while acting individually, jointly, and in furtherance of this conspiracy, under color of law and within the scope of their employment, caused **DESROULEAUX,** without probable cause**,** to be falsely arrested in violation of his Fourth Amendment right against unreasonable and seizure.

73. As a result of this violation, **DESROULEAUX** suffered injuries, including but not limited to great mental anguish, emotional distress and humiliation, as is more fully alleged above.

74. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to **DESROULEAUX'** constitutional rights.

75. The misconduct described in this Count was undertaken pursuant to the policy and of Defendant, BISCAYNE PARK, in the manner described more fully above.

**WHEREFORE**, Plaintiff, **CLARENS DESROULEAUX**, respectfully request that this honorable Court enter judgment in his favor and against Defendant, **OFFICER CHARLIE DAYOUB,** awarding compensatory damages, costs, and attorneys' fees, along with punitive damages as well as any other relief this Court deems appropriate.

## Count VII
## 42 U.S.C. § 1983-False Imprisonment-Dayoub

76. Paragraphs 1-40 of this Complaint are incorporated as if restated fully herein.

77. As described more fully above, Defendant, **DAYOUB**, while acting individually, jointly, and in furtherance of this conspiracy, under color of law and within the scope of their employment, caused **DESROULEAUX** to be falsely imprisoned in violation of his Fourth Amendment right against unreasonable and seizure.

78. As a result of this violation, **DESROULEAUX** suffered injuries, including but not limited to great mental anguish, emotional distress and humiliation, as is more fully alleged above.

79. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to **DESROULEAUX'** constitutional rights.

80. The misconduct described in this Count was undertaken pursuant to the policy of Defendant, BISCAYNE PARK, in the manner described more fully above.

**WHEREFORE**, Plaintiff, **CLARENS DESROULEAUX**, respectfully request that this honorable Court enter judgment in his favor and against Defendant, **OFFICER CHARLIE DAYOUB,** awarding compensatory damages, costs, and attorneys' fees, along with punitive damages as well as any other relief this Court deems appropriate.

## Count VIII
## 42 U.S.C. § 1983-Coerced Confession-Dayoub

81. Paragraphs 1-40 of this Complaint are incorporated as if restated fully herein.

82. As more fully described above, Defendant, DAYOUB, manipulated **DESROULEAUX** in an attempt to coerce him to confess to crimes he did not commit.

83. As a result of Defendant, **DAYOUB's**, manipulation, **DESROULEAUX** suffered great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other consequential damages.

84. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

85. The misconduct described in this Count was also undertaken pursuant to the policy and practice of the Defendant, BISCAYNE PARK, in the manner described more fully above.

**WHEREFORE**, Plaintiff, **CLARENS DESROULEAUX**, respectfully request that this honorable Court enter judgment in his favor and against Defendant, **OFFICER CHARLIE DAYOUB,** awarding compensatory damages, costs, and attorneys' fees, along with punitive damages as well as any other relief this Court deems appropriate.

## Count IX
## 42 U.S.C. § 1983-Equal Protection-Dayoub

86. Paragraphs 1-40 of this Complaint are incorporated as if restated fully herein.

87. As described more fully above, Defendant, DAYOUB, all while acting individually, jointly, and in furtherance of this conspiracy, under color of law and within the scope of their employment, denied **DESROULEAUX** equal protection of the law in violation of his constitutional rights based upon his race.

88. Specifically, this Defendant actively participated in, or personally caused, misconduct in terms of accusing black people, who did nothing more than enter the locale of Defendant, BISCAYNE PARK, with no evidence that they committed a crime to act in such a manner that was calculated to coerce confessions and secure unjust convictions. Said misconduct was motivated by racial animus and constituted purposeful discrimination; it also affected black men in a grossly disproportionate manner vis-a-vis similarly-situated caucasian men. The conspiracy to violate people's civil rights based upon race under color of law is exactly what Defendants did to **DESROULEAUX.**

89. As a result of this violation, **DESROULEAUX** suffered injuries, including but not limited to great mental anguish and emotional distress, as is more fully alleged above.

90. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to **DESROULEAUX'** constitutional rights.

91. The misconduct described in this Count was undertaken pursuant to the policy and practice of Defendant, BISCAYNE PARK, in the manner described more fully above.

Page 13 of 20
Shaked Law Firm, P.A.
2875 NE 191st Street, Suite 905, Miami FL 33180 Phone (305) 937-0191 Fax (305) 937-0193

**WHEREFORE**, Plaintiff, **CLARENS DESROULEAUX**, respectfully request that this honorable Court enter judgment in his favor and against Defendant, **CHARLIE DAYOUB,** awarding compensatory damages, costs, and attorneys' fees, along with punitive damages as well as any other relief this Court deems appropriate.

### Count X
### 42 U.S.C. § 1983-Due Process-Ravelo

92. Paragraphs 1-40 of this Complaint are incorporated as if restated fully herein.

93. As described more fully above, Defendant, **RAVELO**, while acting individually, jointly, and in furtherance of this conspiracy, under color of law and within the scope of his employment with Defendant, BISCAYNE PARK, deprived **DESROULEAUX** of his Fifth and Fourteenth Amendment rights of due process, and his constitutional right to a fair trial.

94. In the manner described more fully above, Defendant, **RAVELO,** deliberately fabricated false arrest reports and affidavits, thereby misleading and misdirecting the criminal prosecution of **DESROULEAUX**. Absent this misconduct, the prosecution of **DESROULEAUX** could not and would not have been pursued.

95. Defendant, **RAVELO's**, misconduct also directly resulted in the unjust criminal conviction through the coerced guilty pleas of **DESROULEAUX**, thereby denying him his constitutional right to a fair trial, and a fair appeal thereof, in violation of the Due Process Clause of the Fifth and Fourteenth Amendment to the United States Constitution.

96. As a result of this violation of his constitutional right to a fair trial, **DESROULEAUX** suffered injuries, including, but not limited to, great mental anguish, emotional distress and humiliation, as is more fully alleged above.

97. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to **DESROULEAUX'** constitutional rights.

98. The misconduct described in this Count was undertaken pursuant to the directive of Defendant, **ATESIANO,** and Defendant, **BISCAYNE PARK**, either knew about it, or should have known about it.

**WHEREFORE**, Plaintiff, **CLARENS DESROULEAUX**, respectfully request that this honorable Court enter judgment in his favor and against Defendant, **OFFICER GUILLERMO RAVELO,** awarding compensatory damages, costs, and attorneys' fees, along with punitive damages as well as any other relief this Court deems appropriate.

## Count XI
### 42 U.S.C. § 1983-False Arrest-Ravelo

99. Paragraphs 1-40 of this Complaint are incorporated as if restated fully herein.
100. As described more fully above, Defendant, **RAVELO**, while acting individually, jointly, and in furtherance of this conspiracy, under color of law and within the scope of their employment, caused **DESROULEAUX,** without probable cause**,** to be falsely arrested in violation of his Fourth Amendment right against unreasonable and seizure.
101. As a result of this violation, **DESROULEAUX** suffered injuries, including but not limited to great mental anguish, emotional distress and humiliation, as is more fully alleged above.
102. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to **DESROULEAUX'** constitutional rights.
103. The misconduct described in this Count was undertaken pursuant to the policy and of Defendant, BISCAYNE PARK, in the manner described more fully above.

**WHEREFORE**, Plaintiff, **CLARENS DESROULEAUX**, respectfully request that this honorable Court enter judgment in his favor and against Defendant, **OFFICER GUILLERMO RAVELO,** awarding compensatory damages, costs, and attorneys' fees, along with punitive damages as well as any other relief this Court deems appropriate.

## Count XII
### 42 U.S.C. § 1983-False Imprisonment-Ravelo

104. Paragraphs 1-40 of this Complaint are incorporated as if restated fully herein.
105. As described more fully above, Defendant, **RAVELO**, while acting individually, jointly, and in furtherance of this conspiracy, under color of law and within the scope

of their employment, caused **DESROULEAUX** to be falsely imprisoned in violation of his Fourth Amendment right against unreasonable and seizure.

106. As a result of this violation, **DESROULEAUX** suffered injuries, including but not limited to great mental anguish, emotional distress and humiliation, as is more fully alleged above.

107. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to **DESROULEAUX'** constitutional rights.

108. The misconduct described in this Count was undertaken pursuant to the policy of Defendant, **BISCAYNE PARK**, in the manner described more fully above.

**WHEREFORE**, Plaintiff, **CLARENS DESROULEAUX**, respectfully request that this honorable Court enter judgment in his favor and against Defendant, **OFFICER GUILLERMO RAVELO,** awarding compensatory damages, costs, and attorneys' fees, along with punitive damages as well as any other relief this Court deems appropriate.

## Count XIII
## 42 U.S.C. § 1983-Coerced Confession-Ravelo

109. Paragraphs 1-40 of this Complaint are incorporated as if restated fully herein.

110. As more fully described above, Defendant, **RAVELO,** manipulated **DESROULEAUX** in an attempt to coerce him to confess to crimes he did not commit.

111. As a result of Defendant, **RAVELO'**s, manipulation, **DESROULEAUX** suffered great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other consequential damages.

112. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

113. The misconduct described in this Count was also undertaken pursuant to the policy and practice of the Defendant, **BISCAYNE PARK**, in the manner described more fully above.

**WHEREFORE**, Plaintiff, **CLARENS DESROULEAUX**, respectfully request that this honorable Court enter judgment in his favor and against Defendant, **OFFICER GUILLERMO**

**RAVELO,** awarding compensatory damages, costs, and attorneys' fees, along with punitive damages as well as any other relief this Court deems appropriate.

### Count XIV
### 42 U.S.C. § 1983-Equal Protection-Ravelo

114. Paragraphs 1-40 of this Complaint are incorporated as if restated fully herein.

115. As described more fully above, Defendant, **RAVELO**, all while acting individually, jointly, and in furtherance of this conspiracy, under color of law and within the scope of their employment, denied **DESROULEAUX** equal protection of the law in violation of his constitutional rights based upon his race.

116. Specifically, this Defendant actively participated in, or personally caused, misconduct in terms of accusing black people, who did nothing more than enter the locale of Defendant, **BISCAYNE PARK**, with no evidence that they committed a crime to act in such a manner that was calculated to coerce confessions and secure unjust convictions.  Said misconduct was motivated by racial animus and constituted purposeful discrimination; it also affected black men in a grossly disproportionate manner vis-a-vis similarly-situated caucasian men.  The conspiracy to violate people's civil rights based upon race under color of law is exactly what Defendants did to **DESROULEAUX.**

117. As a result of this violation, **DESROULEAUX** suffered injuries, including but not limited to great mental anguish and emotional distress, as is more fully alleged above.

118. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to **DESROULEAUX'** constitutional rights.

119. The misconduct described in this Count was undertaken pursuant to the policy and practice of Defendant, **BISCAYNE PARK**, in the manner described more fully above.

**WHEREFORE**, Plaintiff, **CLARENS DESROULEAUX**, respectfully request that this honorable Court enter judgment in his favor and against Defendant **OFFICER GUILLERMO RAVELO** awarding compensatory damages, costs, and attorneys' fees, along with punitive damages as well as any other relief this Court deems appropriate.

## Count XV
### Section 1985(3) Conspiracy-Conspiracy to Deprive Constitutional Rights

120. Paragraphs 1-40 of this Complaint are incorporated as if restated fully herein.

121. As described more fully above, each of the Defendants conspired, directly or indirectly, for the purpose of depriving **DESROULEAUX** of Equal Protection of the law.

122. In so doing, Defendants took actions in furtherance of this conspiracy, causing injury including great mental anguish and emotional distress to **DESROULEAUX**.

123. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

124. The misconduct described in this Count was undertaken pursuant to the policy and practice of Defendant, **BISCAYNE PARK**, in the manner described more fully in preceding paragraphs.

**WHEREFORE**, Plaintiff, **CLARENS DESROULEAUX**, respectfully request that this honorable Court enter judgment in his favor and against Defendants, **THE VILLAGE OF BISCAYNE PARK,** A municipality of the State of Florida, **CHIEF RAIMUNDO ATESIANO, OFFICER CHARLIE DAYOUB,** and **OFFICER GUILLERMO RAVELO** awarding compensatory damages, costs, and attorneys' fees, along with punitive damages against each of the individual Defendants in their individual capacities, as well as any other relief this Court deems appropriate.

## Count XVI
### Section 1983-Conspiracy to Deprive Constitutional Rights

125. Paragraphs 1-40 of this Complaint are incorporated as if restated fully herein.

126. Defendants, **DAYOUB** and **RAVELO**, pursuant to the edict of Defendant, **ATESIANO**, reached an agreement amongst themselves to frame **DESROULEAUX** for the unsolved burglaries, and to thereby deprive **DESROULEAUX** of his constitutional rights, all as described in the various Paragraphs of this Complaint.

127. In furtherance of the conspiracy, each of the coconspirators committed overt acts and was an otherwise willful participant in joint activity.

128. As a direct and proximate result of the illicit prior agreement referenced above, **DESROULEAUX**' rights were violated, and he suffered financial damages as he was incarcerated and was not able to work and provide for his family, as well as severe emotional distress and anguish, as is more fully alleged above.

129. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

130. The misconduct described in this Count was undertaken pursuant to the policy and practice of Defendant, **BISCAYNE PARK**, in the manner described more fully in preceding paragraphs, and was tacitly ratified by policy-makers for the Village of Biscayne Park with final policymaking authority.

**WHEREFORE**, Plaintiff, **CLARENS DESROULEAUX**, respectfully request that this honorable Court enter judgment in his favor and against Defendants, **THE VILLAGE OF BISCAYNE PARK,** A municipality of the State of Florida, **CHIEF RAIMUNDO ATESIANO, OFFICER CHARLIE DAYOUB,** and **OFFICER GUILLERMO RAVELO** awarding compensatory damages, costs, and attorneys' fees, along with punitive damages against each of the individual Defendants in their individual capacities, as well as any other relief this Court deems appropriate.

### JURY DEMAND

Plaintiff, **CLARENS DESROULEAUX**, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

**[CERTIFICATE OF SERVICE ON NEXT PAGE]**

## **CERTIFICATE OF SERVICE**

**Respectfully submitted this 13th day of September, 2018.**

                                    **Shaked Law Firm, P.A.**
2875 N.E. 191st Street, Suite 905
Aventura, FL 33180
Telephone Number: (305) 937-0191
Facsimile Number: (305) 937-0193
Email: filingcourtdocuments@gmail.com
and shakedeservice@gmail.com

*// Sagi Shaked//*
Sagi Shaked, Esq.
Florida Bar No.: 0195863
Joel Roth, Esq.
Florida Bar No.: 373567
Marc A. Chandler
Florida Bar No.: 46094