UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-23797-GAYLES/OTAZO-REYES

CLARENS DESROULEAUX,

    Plaintiff,
v.

THE VILLAGE OF BISCAYNE PARK, *et al.,*

    Defendants.
                                              /

## ORDER

**THIS CAUSE** comes before the Court upon Defendant Village of Biscayne Park's Motion to Dismiss Second Amended Complaint [ECF No. 23], Defendant Raimundo Atesiano's Motion to Dismiss and/or for More Definite Statement [ECF No. 37], Defendant Guillermo Ravelo's Motion to Dismiss Second Amended Complaint [ECF No. 45], and Defendant Charlie Dayoub's Motion to Dismiss Second Amended Complaint [ECF No. 41] (the "Motions"). The Court has carefully reviewed the Motions, the record, and the applicable law. For the reasons discussed below, the Motions are granted in part.

## BACKGROUND

On January 23, 2013, Defendant Village of Biscayne Park (the "Village") arrested Plaintiff, Clarens Desrouleaux, for multiple crimes based on false allegations by Village Officers Guillermo Ravelo ("Ravelo") and Charlie Dayoub ("Dayoub"). Village Chief of Police, Raimundo Atesiano ("Atesiano"), caused and encouraged the officers to wrongfully arrest Plaintiff and others in a

coordinated effort to improve the Village Police Department's crime statistics.[1] Plaintiff was sentenced to five-years in prison and was later deported to Haiti.

On June 7, 2018, the United States indicted Atesiano and Dayoub for Conspiracy Against Rights, in violation of 18 U.S.C. § 241, and Deprivation of Rights under Color of Law, in violation of 18 U.S.C. § 242. *See United States v. Atesiano, et al.*, No. 18-cr-20479-KMM.[2] The United States also indicted Ravelo for Deprivation of Rights, in violation of 18 U.S.C. § 242, and for Falsification of Records, in violation of 18 U.S.C. § 1519. *See United States v. Ravelo*, No. 18-cr-20255-CMA.[3] Plaintiff was one of the Individual Defendants' victims. On August 10, 2018, the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, vacated Plaintiff's judgment and sentence.

On September 14, 2018, Plaintiff filed this action against the Defendants. On October 3, 2018, Plaintiff filed his Second Amended Complaint asserting claims for Section 1983 violations of constitutional rights as to Atesiano and the Village (Counts I, II, & XV); malicious prosecution as to each of the Defendants (Counts III, VII, XI, & XIV); and conspiracy as to each of the Defendants (Counts XII & XIII).[4]

---

1 In this Order, the Court refers to Atesiano, Dayoub, and Ravelo as the "Individual Defendants." The Court refers to the Individual Defendants and the Village collectively as the Defendants.
2 On July 27, 2018, the United States filed a Superseding Indictment against Atesiano and Dayoub charging the same counts but adding additional victims. Atesiano and Dayoub pled guilty to the conspiracy charges.
3 Plaintiff's Second Amended Complaint did not specifically identify the criminal cases and charges involving the Individual Defendants but the Court "may take judicial notice of public records within its files relating to the particular case before it or other related cases." *Cash Inn of Dade, Inc. v. Metropolitan Dade County*, 983 F.2d 1239, 1243 (11th Cir. 1991).
4 Plaintiff voluntarily withdrew Counts IV, V, VI, VIII, IX, X, and XVI of the Second Amended Complaint. *See* [ECF Nos. 27, 42, & 47].

## ANALYSIS

### I.  Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id*. (alteration added) (quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

### II.  Counts I, II, III, VII, and XI—Individual vs. Official Capacity Suits

Although Plaintiff's Second Amended Complaint provides a compelling account of government-sanctioned police officer misconduct, it suffers from basic pleading flaws. Specifically, the Second Amended Complaint is unclear as to whether Plaintiff is suing the Individual Defendants in their official and/or individual capacities. The law distinguishes between

individual and official capacity suits. "[W]hen an officer is sued under Section 1983 in his or her official capacity, the suit is simply 'another way of pleading an action against an entity of which an officer is an agent.' . . . Such suits against municipal officers are therefore, in actuality, suits directly against the city that the officer represents." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)) (internal footnote omitted). "Because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly . . . ." *Id.* As stated in the case caption, Plaintiff's Second Amended Complaint purports to bring Counts I, II, III, VII, and XI against the Individual Defendants "individually and in their official capacity." This conflicts with the language in the counts. For example, paragraphs 51 and 57 state "ATESIANO, while acting *individually*, jointly, and in furtherance of the Policy, under color of law and *within the scope of his employment*. . . ." [ECF No. 17 at ¶¶ 51, 57] (emphasis added). Plaintiff argues that this language, coupled with the "wherefore" clauses that seek punitive damages against the Individual Defendants, clearly indicate that the claims are brought against the Individual Defendants in their *individual* capacities alone. However, "a Plaintiff may not amend a complaint via a response to a motion to dismiss." *Guerrero v. Target Corp.*, 889 F. Supp. 2d 1348, 1356 n.6 (S.D. Fla. 2012) (citation omitted).

Accordingly, any claims against the Individual Defendants in their official capacities must be dismissed. Should Plaintiff seek to proceed against the Individual Defendants in their individual capacities, he must make that clear in an amended complaint. Accordingly, Counts I, II, III, VI, and XI of the Amended Complaint are dismissed without prejudice.

### III.     The Claims are not Clearly Barred by the Statute of Limitations

Defendants argue that Plaintiff's claims are barred by Florida's four-year statute of limitations.[5] Where the "allegations [of the Complaint], on their face, show that an affirmative defense bars recovery on the claim," dismissal is appropriate under Rule 12(b)(6). *Cotton v. Jenne*, 326 F. 3d 1352, 1357 (11th Cir. 2003). However, "where the alleged failure to comply with the statute of limitations does not appear on the face of the complaint" the issue may be raised by motion for summary judgment. *AVCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982).

The statute of limitations on § 1983 and § 1985 claims does not begin to run "until the plaintiff[] know[s] or should know (1) that [he has] suffered the injury that forms the basis of [his] complaint and (2) who has inflicted the injury." *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). While paragraphs 16–27 indicate that Plaintiff was aware he was being arrested for crimes he did not commit in 2013, [ECF No. 17 at ¶¶ 16–27], Plaintiff states in paragraph 34 that he did not learn of the Defendants' illegal policy until 2015. *Id.* at ¶ 34. Based on the allegations in the Second Amended Complaint, the Court cannot find that Plaintiff's claims are clearly barred by the statute of limitations. Should further investigation into the merits of Plaintiff's claims reveal that those claims are time-barred, Defendants may raise the issue again at summary judgment.

The Court notes, however, that even if Plaintiff's claims are time-barred, equitable tolling

---

[5] Plaintiff brings his claims pursuant to 42 U.S.C. § 1983 and § 1985(3). Sections 1983 and 1985 do not have their own statute of limitations. Rather, district courts apply the statute of limitations from the equivalent state statute. *Wilson v. Garcia,* 471 U.S. 261, 266–67, 105 S. Ct. 1938 (1985). For civil rights claims, the statute of limitations is the state limitations period for personal-injury torts. *Wallace v. Kato,* 548 U.S. 384, 387 (2007). In Florida, the statute of limitations for personal injury claims is four years. *See* Fla. Stat. Ann. § 95.11(3); *City of Hialeah v. Rojas*, 311 F.3d 1096, 1102 n.2 (11th Cir. 2002) ("Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years."); *Newberger v. U.S. Marshal Serv.*, 751 F.2d 1162, 1166 (11th Cir. 1985) (applying four-year statute of limitations for personal injury torts to section 1985 conspiracy claims).

may be appropriate. *See Andrade v. Erin Capital Management, LLC*, No. 09-21186, 2010 WL 1961843, *1 (S.D. Fla. May 17, 2010) (finding equitable tolling appropriate where plaintiff was unaware that her rights had been violated); *Booth v. Carnival*, 510 F. Supp. 2d 985, 988 (S.D. Fla. 2007) ("[E]quitable tolling may be applied to toll an expired statute of limitations when . . . the plaintiff was unaware that his/her rights had been violated and therefore of the need to seek redress . . . "). While Plaintiff might have known some of the circumstances surrounding his wrongful arrest, he could not have been aware that the Individual Defendants' actions were part of a conspiracy sanctioned by the Village's police department until the United States apprised him of the criminal investigation. It would be inequitable and unjust to find that Plaintiff's claims against Defendants, some of whom have admitted guilt, are time-barred.

## IV.     Counts XII and XIII: Conspiracy—The Intracorporate Conspiracy Doctrine

Defendants Ravelo, Dayoub, and the Village argue that Counts XII (Section 1985(3) Conspiracy) and XIII (Section 1983 Conspiracy) are barred by the intracorporate conspiracy doctrine. "The intracorporate conspiracy doctrine holds that acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy. Simply put, under the doctrine, a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves*." McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000). The doctrine applies equally to public entities and employees. *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1261 (11th Cir. 2010). The relevant inquiry in determining whether the doctrine applies is whether the officers were acting in the scope of their employment. *McAndrew*, 206 F.3d at 1036. Whether an officer was acting within the scope of his employment requires a determination that

6

the "officer was performing a function that, but for the alleged constitutional infirmity, was within the ambit of the officer's scope of authority (i.e., job-related duties) and in furtherance of the employer's business." *Villar v. City of Aventura*, No. 13-cv-22708-CMA, 2014 WL 3400988, at * 8 (S.D. Fla. July 11, 2014) (quoting *Grider*, 618 F.3d at 1261).

Once the doctrine applies, it bars conspiracy claims unless an exception applies. In *Dickerson v. Alachua Cnty. Comm'n*, 200 F.3d 761, 769–70 (11th Cir. 2000), the court recognized three exceptions to the doctrine employed by other circuits: "(1) 'convictions involving criminal charges of conspiracy,' (2) where the employee has an 'independent personal stake' [in the corporate action] and is not acting to further the corporation's illegal objective, or (3) where the employees 'engage in a series of discriminatory acts as opposed to a single action.'" *Grider*, 618 F.3d at 1262 (quoting *Dickerson*, 200 F.3d 769–70). Plaintiff argues that the conspiracy claims here are exempted under the criminal conspiracy exception. This "exception applies for criminal claims and for civil claims alleging conduct that is also criminal." *Bowe v. City of Hallandale Beach*, No. 16-cv-60993-WPD, 2016 WL 10587945, at *2 (S.D. Fla. Dec. 12, 2016); *see also McAndrew*, 206 F.3d at 1034 ("Like a majority of the other circuits, we have followed the Seventh Circuit's extension of the intracorporate conspiracy doctrine to claims arising under § 1985(3). . . . Accordingly, we hold that just as the intracorporate conspiracy doctrine cannot shield criminal conspiracy from prosecution under the federal code, the doctrine cannot shield *the same conspiracy*, alleging *the same criminal wrongdoing*, from civil liability arising under 42 U.S.C. § 1985(2)." (emphasis added)).

The intracorporate conspiracy doctrine clearly applies here. However, Plaintiff is correct that the criminal conspiracy exception applies and thus his claims are not barred. In *Grider*, the

Eleventh Circuit found that while the case involved civil conspiracy claims, it did "not involve evidence of conduct constituting a criminal conspiracy in violation of the federal criminal code." 618 F.3d at1263. Similarly, in *Bowe*, the court found that the exception did not apply because the plaintiff failed to allege sufficient facts in the complaint to put defendants on notice that plaintiffs were alleging criminal conduct. 2016 WL 10587945, at * 2. Here, however, Defendants have pled guilty and been convicted of conspiracy to violate civil rights under the federal criminal code and Plaintiff has sufficiently alleged as much in his Second Amended Complaint. *See* [ECF No. 17 at ¶¶ 38–42]. As a result, the Court finds that the criminal exception clearly applies. Defendants' Motions with respect to Counts XII and XIII are denied.

## V.     Count XV: Equal Protection against the Village

Plaintiff brings Count XV against the Village alleging that the Village failed to correct a policy of violating constitutional rights, including the rights of Plaintiff. A municipality may be liable for § 1983 violations of constitutional rights under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 695 (1978), if a custom or policy of the city is the moving force behind a constitutional violation. Further, "[a] municipality's failure to correct the constitutionally offensive actions of its police department may rise to the level of a 'custom or policy' if the municipality tacitly authorizes these actions or displays deliberate indifference towards the police misconduct." *Brooks v. Scheib*, 813 F.2d 1191, 1193 (11th Cir. 1986). A complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678. At this stage, the Court finds that Count XV sufficiently states a claim for § 1983 violations of constitutional rights under *Monell*.

**CONCLUSION**

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant Village of Biscayne Park's Motion to Dismiss Second Amended Complaint [ECF No. 23], Defendant Raimundo Atesiano's Motion to Dismiss and/or for More Definite Statement [ECF No. 37], Defendant Guillermo Ravelo's Motion to Dismiss Second Amended Complaint [ECF No. 45], and Defendant Charlie Dayoub's Motion to Dismiss Second Amended Complaint [ECF No. 41] are GRANTED in PART. Counts I, II, III, VII, and XI of Plaintiff's Second Amended Complaint are DISMISSED without prejudice. The Motions are DENIED with respect to all remaining counts. It is further

**ORDERED AND ADJUDGED** that Defendants shall file joint motions with co-parties unless there are clear conflicts of position. If conflicts of position exist, the parties shall explain the conflicts in their separate motions. All future motions shall be double-spaced in Times New Roman 12-point typeface.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of May, 2019.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE